# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**UNITED STATES OF AMERICA**

vs.                                                              **Case No. 8:06-CR-162-T-27MSS**

**ROBERT CURTIS COVINGTON**
_____/

## ORDER

**BEFORE THE COURT** is the Motion to Withdraw Plea for Defendant Robert Curtis Covington (Dkts. 32, 33),[1] Defendant's First Amended Motion to Withdraw Guilty Plea (Dkt. 55) and the Government's Response to Defendant's Motion to Withdraw Guilty Plea (Dkt. 40). On November 14, 2006, the Court conducted an evidentiary hearing on Defendant's motions and directed the parties to file supplemental briefs.[2] Upon consideration, Defendant's motions (Dkts. 33, 55) are GRANTED.

Defendant is charged in a two count Indictment with personally using and causing another to use a facility of interstate and foreign commerce, with the intent that a murder be committed as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value in violation of 18 U.S.C. § 1958(a) (Count One) and conspiring to use and cause another to use a facility of interstate and foreign commerce, with the intent that a murder be committed as consideration for the receipt of, or as consideration for a promise or agreement to pay,

---

[1] As will be discussed in detail herein, Defendant's original motion to withdraw guilty plea was filed by his <u>second</u> court appointed attorney, James Garbett, Esq. (Dkt. 33). Defendant was originally represented by the Federal Public Defender's office, which moved to withdraw as counsel because the "attorney client relationship ha[d] evolved into a state of irreconcilable differences." (See Dkt. 23, p. 2).

[2] The parties filed supplemental briefs as directed. (Dkts. 65, 70)

anything of pecuniary value in violation of 18 U.S.C. § 1958(a) (Count Two). (Dkt. 8).

## *Background*

On June 28, 2006, Defendant pleaded guilty pursuant to a written plea agreement. (Dkts. 17, 18). The Magistrate Judge conducted a thorough Rule 11 plea colloquy.[3] On the same day, the Magistrate Judge rendered a Report and Recommendation ("R&R"), finding that Defendant's guilty plea "was knowledgeable and voluntary" and recommending that the District Court accept Defendant's guilty plea and adjudicate him guilty. The R&R noticed the parties that they had ten days from the date of service to file written objections. (Dkt. 21).

Eight days after the change of plea hearing, on July 6, 2006, Defendant's first court appointed attorney, Assistant Federal Public Defender Dionja Dyer, filed a motion to withdraw as counsel stating that, "*[P]rior to Defendant's plea,* Defendant had expressed concern with undersigned's representation of him and asked that a Motion to Withdraw as Attorney be filed." (Dkt. 23, p. 2, ¶4) (emphasis added). The motion further stated that Defendant, in effect, changed his mind and proceeded with Ms. Dyer through the change of plea hearing. Shortly after the change of plea hearing, Defendant again requested Ms. Dyer to withdraw as counsel. Ms. Dyer represented in the motion to withdraw that Defendant told her that he did not trust her and believed that he had been misled and lied to by her. The motion further stated that Defendant expressed a "possible desire to object to the acceptance of this guilty plea, however, would like the issue of counsel resolved first." The motion requested that the time for Defendant to file objections to the R&R be tolled, pending the Court's resolution of representation.

---

[3] The Court has reviewed a transcript of the change of plea hearing. (Dkt. 39)

The Federal Public Defender's motion to withdraw was granted on July 12, 2006 (Dkt. 28). James Garbett, Esq. was appointed to represent Defendant. (Dkt. 29). On August 1, 2006, the District Court accepted Defendant's guilty pleas and adjudicated Defendant guilty. (Dkt. 30). On September 13, 2006, Garbett moved to withdraw as counsel. (Dkt. 31). On the same day, Garbett filed a Motion to Withdraw Plea on behalf of Defendant (Dkt. 32), which was re-filed the next day (Dkt. 32). Garbett filed a second motion to withdraw as counsel the same day. (Dkt. 34). On September 18, 2006, Defendant filed a *pro se* "Emergency Motion to Withdraw Plea," contending that Garbett had refused to file a motion to withdraw his plea. (Dkts. 35, 36).

Garbett's motion to withdraw as counsel was granted. (Dkt. 43). The court appointed Brent Armstrong as Defendant's third attorney. (Dkt. 44). Mr. Armstrong filed Defendant's "First Amended Motion to Withdraw Guilty Plea" (Dkt. 55) and represented Defendant at the hearing on November 14, 2006.

## *Discussion*

In evaluating a motion to withdraw a guilty plea, the Court must consider "(1) whether close assistance of counsel was available; (2) whether the plea was knowing and voluntary; (3) whether judicial resources would be conserved; and (4) whether the government would be prejudiced if the defendant were allowed to withdraw his plea." *United States v. Buckles*, 843 F.2d 469, 472 (11th Cir. 1988).

Addressing these components in reverse order, this Court perceives no prejudice to the Government if Defendant is allowed to withdraw his guilty pleas and afforded his right to jury trial. As for conservation of judicial resources, in the long run, judicial resources are likely to be conserved by allowing Defendant to withdraw his guilty pleas and proceed to trial. If Defendant's

motion is denied, there will likely be appellate review of that decision and if Defendant receives an unfavorable appellate decision, there will certainly be post-conviction proceedings raising collateral issues which are more easily addressed now, rather than months, if not years in the future. If Defendant is permitted to withdraw his pleas, while there will be a trial and appeal in the event of a conviction, any post-conviction proceedings will necessarily be more limited than they otherwise would be.

As to whether Defendant's guilty pleas were knowing and voluntary, the totality of the circumstances surrounding his pleas must be examined. *Buckles*, 843 F.2d at 471-72. Defendant's Rule 11 colloquy was required to ensure that his guilty pleas were free of coercion, he understood the charges against him and was aware of the consequences of his guilty plea. *United States v. Humphrey*, 164 F.3d 585, 587 (11th Cir.1999) (citing *United States v. Zickert*, 955 F.2d 665, 668 (11th Cir.1992). Here, the Magistrate Judge conducted a thorough Rule 11 colloquy.

Defendant argues that the Magistrate Judge should have advised him that he faced the possibility of consecutive ten year sentences, or a maximum sentence of twenty years. Defendant's argument is unpersuasive. The Magistrate Judge correctly informed Defendant that each count carried a maximum penalty of ten years (Dkt. 39, pp. 36-37).[4] Although Defendant was not expressly told that he potentially faced consecutive sentences, as has been recognized in this Circuit, those courts which have addressed the issue impose no such requirement under Rule 11. *Humphrey*, 164 F.3d at 587 n.2 ("Other circuits appear to agree -in varying degrees- with the government's

---

[4] Thereafter, before Defendant actually entered his guilty plea, the Magistrate Judge engaged Defendant in an exchange and again advised him that although he had hopes of a lesser sentence, he faced "up to ten years incarceration on the underlying offenses, followed by three years of supervised release for each." (Dkt. 39, p. 49). At the conclusion of the plea colloquy, the prosecutor clarified that each count carried a maximum penalty of ten years and Defendant again confirmed his understanding of the maximum penalties for each count. (Dkt. 39, pp. 54-55).

general position," that nothing in Rule 11(c)(1) explicitly requires informing a defendant about the consecutive nature of multiple sentences)(citing *Paradiso v. United States*, 482 F.2d 409, 415 (3d Cir. 1973); *United States v. Ospina,* 18 F.3d 1332, 1334 (6th Cir.1994)). Rule 11 does not require that a defendant be explicitly informed of the possibility of consecutive sentences.

Defendant argues that his pleas were not knowing and voluntary because he was misinformed by his attorney about the potential severity of his sentence under the plea agreement and that his attorney was ineffective. Defendant's sworn responses to the Magistrate Judge during the plea colloquy belie any such contentions. He confirmed under oath that he was satisfied with his attorney's representation, that his attorney had answered all questions to his satisfaction before he executed his plea agreement, and that his attorney made no promises about the sentence he would receive, advising him that he "probably" would receive the maximum penalty. (Dkt. 39, pp. 7-8, 9, 35).

Likewise, to the extent Defendant now contends that he suffered from a mental defect which rendered his guilty pleas involuntary or unknowing, during the plea colloquy, he unequivocally denied under oath "any mental or emotional illness or disease." (Dkt. 39, pp. 6-7). His responses to the Magistrate Judge's questions were articulate, cogent and appropriate. He asked pertinent questions and demonstrated an understanding of the charges against him and the consequences of his pleas. He participated in a knowledgeable exchange with the Magistrate Judge about his opportunity to cooperate (Dkt. 39, pp. 14-16), the nature of the conspiracy charge (Dkt. 39, pp. 17-19), and that he potentially qualified as a career offender and that he would attempt to challenge prior state court convictions to avoid that classification. (Dkt. 39, pp. 28-30). He confirmed the accuracy of the Government's factual proffer and articulated his role in the criminal conspiracy and its objects.

page6

(Dkt. 39, pp. 44- 47). At the conclusion of the hearing, the Magistrate Judge found that Defendant was competent and had entered a knowing and voluntary guilty plea. (Dkt. 39, pp. 51 -52).

Defendant's sworn representations made at the plea hearing, along with the findings made by the Magistrate Judge, constitute "a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). His sworn statements made in open court are presumed to be true. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). This presumption is not overcome by bald assertions of misunderstanding. *Harvey v. United States*, 850 F.2d 388, 396 (8th Cir. 1988). Notwithstanding his testimony that he lied during the plea colloquy, Defendant will not be heard to contend that his sworn statements made during the Rule 11 colloquy were false. *United States v. Stitzer*, 785 F.2d 1506, 1514 n. 4 (11th Cir. 1986). Accordingly, given his sworn statements during the plea colloquy and in his plea agreement that he was pleading guilty freely and voluntarily and without threats, force, intimidation, or coercion of any kind, Defendant's allegations that his guilty pleas were unknowing and involuntary are clearly refuted by the record, except as hereinafter noted.[5] *See United States v. Cooper*, 410 F.2d 1128, 1130 (5th Cir. 1969), *cert. denied*, 400 U.S. 868 (1970) (Defendant's contentions "squarely rebutted" by his repeated statements to the contrary made at time plea entered "need not be considered further.")

Within ten days of his guilty plea hearing, Defendant indicated to attorney Dyer that he was considering withdrawing his pleas and expressed mistrust in her representation. Ms. Dyer then moved to withdraw from representing Defendant, referencing his desire to withdraw his pleas. (Dkt. 23). After attorney Garbett was appointed, Defendant again sought to have his pleas withdrawn,

---

[5] As Defendant acknowledges at page 10 of his Memorandum (Dkt. 65), the prosecutor's recitation of a factual basis for the pleas was sufficient. *United States v. Lopez*, 907 F.2d 1096 (11th Cir. 1990).

writing to Garbett in that regard on July 23, 2006. Notwithstanding Defendant's request, Garbett refused to file the motion. When Garbett refused, Defendant took it upon himself to file his *pro se* "Emergency Motion to Withdraw Plea." (Dkts. 35, 36). Garbett's refusal was contrary to Defendant's express directive. Garbett was not at liberty to refuse that directive, even if he did not believe it to be in Defendant's best interest.

Defendant's first motion to withdraw his plea was not filed by Garbett until September 13, 2006, almost two months after Defendant had asked him to.(Dkt. 32). On August 1, 2006, however, before Garbett filed the motion, the District Court accepted Defendant's guilty pleas and adjudicated him guilty. (Dkt. 30). Once the district court accepted his guilty pleas, Defendant lost the absolute right to withdraw his pleas. *United States v. McFarland*, 839 F. 2d 1239, 1241 (7th Cir. 1988). Pursuant to Rule 11(d)(2)(B), Defendant would only be permitted to withdraw his plea for a "fair and just reason." *United States v. Freixas*, 332 F.3d 1314, 1318 (11th Cir. 2003).

Absent other circumstances, this Court would not, given the thorough Rule 11 plea colloquy conducted by the Magistrate Judge, permit Defendant to withdraw his pleas. However, attorney Garbett acknowledged during the November hearing that he refused to file a motion to withdraw Defendant's pleas after having been requested to do by Defendant. This supports a finding that Defendant did not receive effective assistance of counsel from Garbett.

The principles set forth in *Strickland v. Washington*, 466 U.S. 668 (1984) govern an assessment of counsel's effectiveness. Defendant must first show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Defendant must also demonstrate that "the deficient performance prejudiced the defense," which "requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a

trial whose result is reliable." As the Supreme Court has explained, "[u]nless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Freixas,* 332 F.3d at 1319. Defendant has made both showings.

At the time he requested that Garbett file the motion, Defendant was entitled to seek leave to withdraw his pleas "for any reason or no reason." After the District Court accepted his pleas, Defendant was required to "show a fair and just reason for requesting the withdrawal." More significantly, Garbett's inaction, in the event this Court exercises its discretion not to allow him to withdraw his pleas, will have deprived Defendant of a fundamental right, the exercise of his Constitutional right to trial by jury.

Finally, it is apparent, and this Court so finds, that at the time Defendant entered his guilty plea, he understood that he faced no more than a ten year sentence. There are circumstances supporting his understanding. First, the Plea Agreement was not clear about the maximum penalties Defendant faced.[6] He understood from his discussions with Ms. Dyer that he "probably" would receive the maximum sentence, which he understood to be ten years. Although Defendant was accurately informed during his plea colloquy of the maximum sentence he could receive on each count, he was not expressly told that he could receive a consecutive sentence, contributing to his understanding that he faced no more than ten years. Although Defendant acknowledged under oath two times during the colloquy that each count carried a maximum sentence of ten years, his concern,

---

[6] The Plea Agreement, likely due to a scrivener's error, is arguably ambiguous with respect to the maximum penalties prescribed for Counts One and Two. The Plea Agreement provides: "Counts One and Two *carries* a maximum sentence of 10 years imprisonment . . ." (Dkt. 17, p. 1, ¶ A.2.) (emphasis added). The combination of plural nouns and a singular verb is arguably ambiguous.

as he explained during the November hearing, arose when he read a newspaper account of his change of plea and read that he faced a potential twenty year sentence. He promptly sought to have his attorney replaced and his pleas withdrawn, only to have his request refused by his attorney. Denying Defendant the opportunity to withdraw his guilty pleas under these circumstance would be manifestly unfair.

A Status Conference is scheduled for **May 11, 2007 at 9:30 A.M.** Defendant shall be present for the Status Conference.

**DONE AND ORDERED** in chambers this 16th day of April, 2007.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record
Defendant