UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No:  8:06-cr-162-T-30TBM

ROBERT CURTIS COVINGTON
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Correct Clerical Errors in the Presentencing Report [and] Request to Clerk of Court to Provide State Court Transcript in Light of *United States v. Mackay*, 757 F.3d 195 (5th Cir. 2014) (Doc. 324) and the Government's response (Doc. 327).  By his motion, Defendant makes three requests; namely, he requests that the Court: (1) amend paragraphs 58 and 74 of the presentence report ("PSR") to correct a clerical error which listed Defendant's prior conviction for "armed possession of cocaine" as "armed possession of cocaine with intent to sell or deliver," (2) amend paragraph 78 of the PSR to reflect subsequent factual developments that occurred after the PSR was drafted, and (3) provide Defendant with copies of state-court transcripts.  The Court, having reviewed the motion and response, and being otherwise fully advised in the premises, concludes that Defendant's motion should be granted in part and denied in part.

Federal Rule of Criminal Procedure 36 provides, "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment,

order, or other part of the record, or correct an error in the record arising from oversight or omission." As to Defendant's first request, the state-court judgment attached to Defendant's motion states that Defendant's prior state conviction was for "armed possession of cocaine." But it does not indicate that the conviction also included the modifier that the possession was with the intent to sell or deliver. Because this mistake is merely a clerical error, Defendant's request to correct paragraphs 58 and 74 should be granted in accordance with Rule 36.

As to Defendant's second request, Defendant asserts that paragraph 78 of the PSR should be amended due to a subsequent development as to his previous state-court convictions. Namely, Defendant avers that on August 17, 2011, his convictions were vacated. Defendant requests that paragraph 78 of the PSR be amended to reflect that these state-court convictions were vacated. Rule 36 only applies to clerical errors or errors arising from oversight or omission; it is not intended to apply to subsequent events, such as here, which change facts that were correct at the time the PSR was prepared. At the time Defendant was sentenced, the PSR accurately reflected his criminal history and there is no authority for the Court to amend the PSR on this basis. Accordingly, Defendant's request to amend paragraph 78 of the PSR should be denied.

Defendant's third and final request is that the Court provide him with copies of transcripts from his state-court proceedings in case numbers 90-447 and 90-14453. During his sentencing hearing on January 28, 2008, Judge Whittemore ordered that Defendant could receive a copy of the state-court transcript from May 20, 1991, in case number 90-14453, which Defendant provided to the Court to support his objections during sentencing.

(Doc. 287). Additionally, based on Judge Whittemore's directive, the Court previously directed that the Clerk provide Defendant a copy of the May 20, 1991 transcript. *See Covington v. United States*, 8:10-cv-2500-T-30TBM (M.D. Fla. Sept. 4, 2012) (Doc. 57 at 2-3). The Court never directed that Defendant be provided any other transcripts. The Court has already attempted to provide Defendant a copy of the May 20, 1991 transcript on two occasions. Moreover, Defendant has not demonstrated a particularized need for the May 20, 1991 transcript or the other transcript he requests. Defendant's request is therefore denied as moot.

Accordingly, it is therefore **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Correct Clerical Errors in the Presentencing Report [and] Request to Clerk of Court to Provide State Court Transcript in Light of *United States v. Mackay*, 757 F.3d 195 (5th Cir. 2014) (Doc. 324) is GRANTED in part and DENIED in part.

2. Defendant's request to correct paragraphs 58 and 74 of the PSR as described above is GRANTED. The United States Probation Office is hereby directed to correct paragraphs 58 and 74 of Defendant's PSR to properly reflect the conviction listed on Defendant's state-court judgment.

3. Defendant's request to correct paragraph 78 of the PSR is DENIED.

4. Defendant's request for copies of state-court transcripts is DENIED as moot.

**DONE** and **ORDERED** in Tampa, Florida, this 29th day of December, 2015.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record